```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**CAVALRY INVESTMENTS, LLC**
**(SUCCESSOR IN INTEREST TO MS**
**FINANCIAL, INC.)**                                            **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:05-CV-776BS**

**JANICE SUMLER SANDERS**                                      **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on Defendant's Amended Motion to Remand, Alternatively for Abstention and for Attorney's Fees. Having considered the Motion, Response and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

Plaintiff Cavalry Investment, LLC, ("Cavalry") originally filed this action against Defendant Janice Sumler Sanders a/k/a Janice Sanders Walker and Gabriel Sumler in the County Court of the First Judicial District of Hinds County on September 13, 2001, to renew a default judgment.[1] Plaintiff subsequently filed an Amended Complaint on April 25, 2003, dropping Gabriel Sumler as a defendant. On November 12, 2004, Plaintiff moved for and received a default judgment against Defendant. After Plaintiff attempted to

---

[1] Plaintiff's predecessor, MS Financial, Inc., had obtained the original judgment against Gabriel Sumler in 1995.

collect the judgment from Defendant through garnishment, Defendant filed a Motion to Strike Judgment, to Quash Garnishment, to Set Aside Entry of Default, and for Leave to File an Answer and Counterclaim on December 29, 2005 ("Motion to Strike").  In the Motion to Strike, Defendant asserted that her debt to Plaintiff had been discharged in bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of Mississippi in case number 95-00082JEE. Consequently, Defendant argued that the action to renew judgment violated her rights under federal bankruptcy statutes as well as her constitutional substantive and procedural due process rights. In addition to asking the state court to set aside the default judgment and quash the writ of garnishment, Defndant also sought leave to answer the Amended Complaint and to assert a counterclaim against Defendant and its attorney, William C. Bell.

Based on Defendant's reliance on federal law in her Motion to Strike, Plaintiff filed a Notice of Removal in this Court on December 16, 2005. In its Notice of Removal, Plaintiff asserts that this action is removable pursuant to 28 U.S.C. § 1441 because this Court has federal question jurisdiction under 28 U.S.C. § 1331.[2] On January 17, 2006, Defendant filed a Motion to Remand, Alternatively for Abstention. The original Motion was amended on

---

[2] Plaintiff does not assert in its Notice of Removal that the Court has bankruptcy jurisdiction under 28 U.S.C. § 1334.

January 24, 2006, to include a request for attorneys' fees ("Amended Motion to Remand"). The Amended Motion to Remand is now ripe for consideration.

## II.  Analysis

Plaintiff removed this action pursuant to § 1441. Section 1441(a) provides, in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added). Thus, under the plain language of the statute, only a *defendant* or *defendants* can remove a state court action to federal court by means of § 1441. Plaintiff therefore did not have the power under § 1441 to remove this action to this Court. Moreover, the fact that Defendant is seeking leave to file a counterclaim against Plaintiff is irrelevant. Only an original defendant, and not a counter-defendant, can remove a case under § 1441. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998). (explaining that a federal question cannot be raised as a defense or in a counterclaim but must be presented on the face of the original plaintiff's complaint for removal to be proper).

In addition to federal question jurisdiction, Plaintiff urges in its Response that this Court also has bankruptcy jurisdiction under § 1334. A civil action over which a federal district court

3

has original jurisdiction under § 1334 can be removed pursuant to either § 1441 *and/or* 28 U.S.C. 1452. Cf. Sykes v. Tex. Air Corp., 834 F.2d 488, 491 (5th Cir. 1987) (recognizing a distinction between removal under § 1441 and § 1452). Under § 1452, any "party" can remove a "claim or cause of action" from state to federal court if the federal court has § 1334 jurisdiction over the claim or cause of action. Plaintiff however never mentions § 1452 in the Notice of Removal or subsequent pleadings. The Court therefore will not assume that Plaintiff relied on § 1452 in removing this case.[3]

Accordingly, the Court finds that this action was improperly removed and must therefore be remanded to state court.[4]

Defendant also moves pursuant to 28 U.S.C. § 1447(c) for costs and attorney's fees incurred in litigating the removal issue. "The decision as to whether to award attorney's fees and costs under [§ 1447(c)] is within the sound discretion of the district court." Kent v. Ford Motor Co., 200 F.Supp.2d 670, 672 (S.D. Miss. 2002).

---

[3] Even assuming, *arguendo*, that Plaintiff did rely on § 1452 and that removal was procedurally correct, the Court questions whether it would have jurisdiction under § 1334. Defendant alleges that the bankruptcy estate was closed six months prior to the filing of this action. See Defendant's Memorandum Supporting Amended Motion to Remand, p.7. Federal courts do not have original jurisdiction under § 1334(b) where there is no estate to be administered in bankruptcy. Rand v. Empire Funding Corp., 132 F.Supp.2d 497, 501 (S.D. Miss. 2000). Although Defendant fails to provide the Court with any proof that the bankruptcy proceedings are closed, Plaintiff does not dispute this allegation.

[4] Defendant makes several alternative arguments for why this case should be remanded. The Court need not consider those arguments in light the foregoing ruling.

The Court, in its discretion, finds that an award of attorney's fees and costs is not appropriate in this case. Accordingly, the Court will deny Defendant's request for costs and attorney's fees.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Amended Motion to Remand, Alternatively for Abstention and for Attorney's Fees [docket entry no. 8] is well taken and is hereby granted, with the parties to bear their own costs.

IT IS FURTHER ORDERED that the Clerk of the Court shall remand this matter to the County Court of the First Judicial District of Hinds County, Mississippi.

SO ORDERED this the 31st day of March, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj